USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 96-1880 UNITED STATES OF AMERICA, Respondent, Appellant, v. ABRAHAM D. OBJIO-SARRAFF, Petitioner, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Guillermo Gil, United States Attorney, Jose F. Blanco, ______________ _______________ Assistant United States Attorney, and Lisa Simotas, Attorney, ____________ Department of Justice, on brief for appellant. Arthur R. Silen and Roberts and Newman, P.A. on brief for ________________ _________________________ appellee. ____________________ March 10, 1997 ____________________ Per Curiam. A jury convicted petitioner, Abraham D. Per Curiam. __________ Objio-Sarraff, of, inter alia, violating 18 U.S.C. 924(c)(1) _____ ____ (using or carrying a firearm during and in relation to a drug- trafficking offense). We affirmed his firearms conviction. See ___ United States v. Castro-Lara, 970 F.2d 976, 983 (1st Cir. 1992), ______________ ___________ cert. denied, 508 U.S. 962 (1993). _____ ______ Some years later, after the Supreme Court handed down its opinion in Bailey v. United States, 116 S.Ct. 501 (1995), ______ _____________ Objio-Sarraff brought a petition pursuant to 28 U.S.C. 2255, seeking to set aside his firearms conviction. The government conceded that the evidence introduced at trial was insufficient to establish "use" of the firearm under Bailey, but argued that ______ the evidence had satisfactorily established "carrying." The district court defined "carrying" narrowly and granted the petition. See Objio-Sarraff v. United States, 927 F. Supp. 30 ___ _____________ _____________ (D.P.R. 1996). While the government's appeal was pending, a panel of this court decided United States v. Cleveland, ___ F.3d ___ (1st _____________ _________ Cir. 1997) [1997 WL 61397]. In construing 18 U.S.C. 924(c)(1), Cleveland adopted a broad reading of "carrying." See id. at ___ _________ ___ ___ [1997 WL at *13-14]. That reading plainly encompasses the petitioner's conduct. See Castro-Lara, 970 F.2d at 983 ___ ___________ (affirming petitioner's 924(c)(1) conviction on direct appeal and describing his relationship to the firearm). Because the panel opinion in Cleveland is fully binding _________ on us for purposes of this appeal, see, e.g., United States v. ___ ____ _____________ 2 Wogan, 938 F.2d 1446, 1449 (1st Cir.), cert. denied, 502 U.S. 969 _____ _____ ______ (1991), Objio-Sarraff cannot prevail. We need go no further. The judgment below is reversed on the authority of _______________________________________________________ United States v. Cleveland. __________________________ 3